**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CATHERINE D. SPENCER,<br><br>                             Plaintiff,<br><br>v.<br><br>GENWORTH FINANCIAL<br>ASSURANCE CORPORATION,<br><br>                           Defendant. | Case No:   CIV-16-1451-F<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW, the Plaintiff, Catherine D. Spencer, and for her cause of action against Defendant alleges and states:

1.     Catherine D. Spencer is a resident of Oklahoma City, Oklahoma.

2.     Defendant, Genworth Financial Assurance Corporation, formerly known as General Electric Capital Assurance Company, is a foreign insurance company incorporated and with its principle place of business in the State of Virginia and doing business of insurance in Oklahoma.

3.     Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

4.     Defendant, Genworth Financial Assurance Corporation sold an individual long term care insurance policy to Catherine D. Spencer effective

February 13, 2002.   This insurance policy was in force at all times material hereto.

5.      Plaintiff Catherine D. Spencer became chronically ill and incurred expenses for care and treatment and timely and properly made claim to Defendant for policy benefits and met all conditions precedent for payment of the policy benefits.

6.      Defendant breached its contract with Plaintiff by refusing to pay policy benefits and by improperly asserting exclusions from coverage.

7.      In its handling of Plaintiff's claims, and as a matter of routine business practice in handling like claims under these policies, the Defendant breached the policy contract and breached its duty to deal fairly and act in good faith towards the Plaintiff by:

    a.      failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that she was entitled to those benefits;

    b.      failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c.      withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

    d.      refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e.      refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.      refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.      failing to properly evaluate any investigation that was performed;

k.      handling claims and providing benefits in a manner that is inconsistent with the policy language and promises made to the insured at the time of issuance of the policy;

l.      intentionally processing claims with conduct the Defendant knows is different than the benefits, claims service, and coverage that the Defendant promises and represents to their insured;

m.      trying to refuse payment of benefits by ignoring communications from insureds; and,

n.      refusing to correspond with insureds to avoid payment of claim;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

8.      As a proximate result of Defendant's acts and omissions described above, Plaintiff has suffered the loss of the policy coverage, physical bodily injury, mental and emotional distress, financial hardship, and other incidental and consequential damages.

9.      Defendant has been guilty of reckless disregard for the rights of others or has acted intentionally and with malice entitling Plaintiff to recover

punitive damages.    Defendant's conduct as set out above was and is life threatening to humans.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Genworth Financial Assurance Company, in an amount in excess of $75,000.00 actual damages and an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

**MANSELL, ENGEL & COLE**

s/Adam Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  mec@meclaw.net

ATTORNEYS FOR PLAINTIFF